IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| DAN COTTRELL,<br><br>Plaintiffs,<br><br>vs.<br><br>I.C. SYSTEM, INC.,<br><br>Defendant. | NO.<br><br>**COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ.** |

COME NOW Plaintiff, Dan Cottrell, by and through counsel, who alleges:

## I. PARTIES AND JURISDICTION

1. Plaintiff Dan Cottrell is an individual who resides in Washington State.

2. Defendant I.C. System, Inc. ("ICS"), a Minnesota Corporation, Washington UBI #601-105-716, is a debt collector and licensed collection agency doing business in Washington, and who repeatedly attempted to collect an alleged debt from Plaintiff. ICS' registered agent is CT Corporation System, 711 Capitol Way S. Ste. 204, Olympia, WA 98501-1267.

3. Jurisdiction over Defendant is proper as Defendant is doing business in Washington State and venue is appropriate in King County, Washington.

Complaint - 1

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

## II. FACTS

4. Beginning in 2020, Plaintiff Dan Cottrell noticed that an alleged debt to Sprint was being reported to his credit by a third party (presumably a debt collector) that he had never interacted with. This was concerning to Mr. Cottrell as he did not owe Sprint any money.

5. Mr. Cottrell did not recognize the debt as legitimate, so he disputed it with the credit bureaus. The entry on his credit was deleted shortly thereafter.

6. Months later, a new third party (again, presumably a debt collector) reported the same alleged debt to his credit. Mr. Cottrell disputed the debt and, again, the entry on his credit was deleted.

7. In May 2021, an entirely new entity – Defendant ICS – reported the alleged Sprint debt to Mr. Cottrell's credit. Exasperated, Mr. Cottrell disputed ICS' entry with the credit bureaus.

8. In response to the dispute, ICS declared that the alleged debt was, in fact, owed, and the entry remained on his credit.

9. Mr. Cottrell was shocked; this could not have come at a more inopportune moment, as he was preparing to purchase an investment property. ICS' reporting of the alleged debt lowered his credit score significantly, which would cause financing to be more expensive.

10. In the beginning of June 2021, Mr. Cottrell sent a letter to ICS explaining that he did not owe money, that he disputed that anything was owed, and demanding proof of the alleged debt.

11. In response, ICS sent the shell of a Sprint cell phone bill, which contained only oblique references to money being owed; it did not, however, explain anything at all. *See* June 9, 2021 validation letter attached as **Exhibit A**.

12. Mr. Cottrell never incurred (nor agreed to) the charges that ICS claimed were owed, so he wrote another letter asking for actual proof of how the debt came into existence. He also demanded that if no such proof was forthcoming, that ICS delete the negative entry from his credit report.

13. ICS did not respond, and is still reporting the debt (which is not owed) to Mr. Cottrell's credit.

14. As a result of ICS' actions detailed above, Plaintiff has incurred expenses in dealing with ICS, seeking and retaining counsel in connection with ascertaining his legal rights and responsibilities, and has suffered financial uncertainty, unease, and distress caused by the false, improper, and confusing nature of the collection efforts.

## III. CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

15. With respect to the alleged debt, Plaintiff is consumers as defined by 15 U.S.C. § 1692a(3) and Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

16. With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW 19.16.100(8) and Defendant is a collection agency as defined by RCW 19.16.100(4).

17. For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

### Count 1 (and all subcounts)

18. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. This includes the false representation of the character, amount, or legal status of a debt (§ 1692e(2)), or the use of any

Complaint - 3

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1  false representation or deceptive means to collect or attempt to collect a debt (§ 1692e(10)).

2  19.  Defendant used false, deceptive, or misleading representations or means in connection with the collection of an alleged debt when it took actions which included but are not limited to:

    a) Reporting a debt not owed to Mr. Cottrell's credit;

    b) Sending a collection letter to Mr. Cottrell claiming he owed money that he does not owe;

20.  Therefore, Defendant violated 15 U.S.C. § 1692e, and/or its subsections, on numerous occasions.

### Count 2 (and all subcounts)

21.  A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

22.  Plaintiff realleges the paragraphs within Count I, *supra*, as constituting unfair and unconscionable means to collect a debt.

23.  In summary, the Defendant therefore violated 15 U.S.C. § 1692f and/or § 1692f(1) on a significant number of occasions.

### GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS

24.  Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.[1] *See* RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

25.  Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field. When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 4

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

26. Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. *Id*. (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

### Count 3

27. RCW 19.16.250(21) prohibits the collection, or attempted collection, of any amounts in addition to the principal of a claim other than allowable interest, collection costs, or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs.

28. Here, Defendant repeatedly represented to Plaintiff, through credit reporting and a letter that money was owed when no such amounts were owed.

29. Defendant therefore violated RCW 19.16.250(21) upon each debt collection attempt.

### Request for Injunctive Relief

30. A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

31. Plaintiff does seek injunctive relief from this Court which would enjoin Defendant from collecting debts in the manner described above from both Plaintiff and any other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

32. Specifically, Plaintiff seeks an injunction prohibiting Defendant from its unlawful collection tactics, including but not limited to demanding money that is not owed and reporting amounts not owed to alleged debtors' credit.

33. Plaintiff has reason to believe these actions may constitute a pattern and practice of behavior and have impacted other individuals similarly situated.

34. Injunctive relief is necessary to prevent further injury to Plaintiff and to the Washington public as a whole.

35. Injunctive relief should therefore issue as described herein.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. For Judgment against Defendant for actual damages.
2. For statutory damages of $1,000.00, for FDCPA violations.
3. For statutory damages of $2,000.00 per violation, for Washington Collection Agency Act and Consumer Protection Act violations.
4. For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.
5. For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3).
6. For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 9th day of August, 2021.

ANDERSON SANTIAGO, PLLC

By: _____
T. Tyler Santiago, WSBA No. 46004
Jason D. Anderson, WSBA No. 38014
Attorneys for Plaintiff
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

Complaint - 6

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719