The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| DAN COTTRELL, | NO. 2:21−cv−01167-JHC |
|---|---|
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| IC SYSTEM, INC., | NOTE ON MOTION CALENDAR: |
| Defendant. | December 9, 2022 |

## I.  INTRODUCTION

This is a simple case. IC System, Inc. ("ICS") attempted to collect an illegitimate debt from Plaintiff Dan Cottrell. With no evidence to support its collection efforts, ICS grasps at straws in an attempt to manufacture a motley agreement between Mr. Cottrell and Sprint. However, underneath the incongruous mixture of documents, inadmissible testimony, and attacks on Mr. Cottrell's credibility – which is not at issue on summary judgment – is the unassailable fact that Mr. Cottrell never took any action to assent to, or to acknowledge the supposed agreement. ICS cannot point to a single shred of evidence that Mr. Cottrell agreed to be bound by anything – much less to a specific agreement. Since the FDCPA and the WCAA are strict-liability statutes; if a debt collector makes misrepresentations or false statements when collecting a debt, then it is liable. Its

PLAINTIFF'S REPLY RE: PARTIAL MSJ - 1
2:21−CV−01167-JHC

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

intentions are irrelevant. ICS misrepresented that Mr. Cottrell owed money, and therefore violated the law.

Remarkably, despite the strict-liability nature of those statutes, ICS argues that it is not liable because it "reasonably relied" on Sprint's representation that Mr. Cottrell owed money. The Ninth Circuit has rejected this theory, as have numerous courts in the Western District of Washington. Debt collectors may not employ "shoot first and ask questions later" tactics. In an attempt to circumvent the only defense – the "bona fide error" defense which is a "narrow exception to strict liability under the FDCPA,"[1] - ICS invents a new defense out of thin air, cherry-picking an assortment of quotations from various cases. Those cases did not create a new defense, and Plaintiff respectfully requests that this Court grant summary judgment in his favor.

Again, Plaintiff *understands* ICS' position, which is ICS' professed belief that it "did not know" that Mr. Cottrell did not owe money or the alleged unfairness of holding ICS responsible for the perceived failings of its client. This dynamic, however, is one already addressed by the FDCPA's "bona fide error" defense. If ICS is to mount a successful defense, it must do so through a statutory defense which actually exists. ICS may not pretend that the Ninth Circuit tacitly created a type of "aw, shucks" defense. If ICS cannot operate within the bounds of existing law, then liability is appropriate. Here, ICS has no viable bona fide error defense, and this concludes the matter.

## II.   FACTS

Plaintiff incorporates by reference the facts alleged in his motion for summary judgment. DKt #9 at ¶¶ 2-5.

In light of ICS' briefing, Plaintiff makes a few short observations:

---

[1] *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006).

PLAINTIFF'S REPLY RE: PARTIAL MSJ - 2
2:21−CV−01167-JHC

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1  First, the two documents that comprise Exhibit F to the Declaration of Ms. Dove (a heavily redacted billing statement from June-July of 2018 and a spreadsheet) were not produced in discovery. Dkt #16-1, Ex. F. Moreover, the billing statement has a mailing address of 3940 Laurel Canyon Blvd #606 in Studio City, CA, a place where Mr. Cottrell never lived. *Reply Declaration of Dan Cottrell* at ¶ 3.

Second, ICS makes much of Mr. Cottrell's address history and attempts to attack Mr. Cottrell's credibility – which is inappropriate on summary judgment – by omitting key points of his deposition testimony. Response at 5. Plaintiff would point out that this is in appropriate, as Mr. Cottrell had detailed and specific testimony and explanations about his inability to recall specific addresses. *See Reply Declaration of Dan Cottrell* ¶¶ 3-7. While ICS would like to make Mr. Cottrell's residence at any given point central to the case, ICS simply does not have evidence that Mr. Cottrell acknowledged an agreement or took any actions that he intended to be bound.

Third, ICS states that Mr. Cottrell's case is built around the fact that he did not sign the Flex Lease. Response at. 5. However, this omits the fact that literally none of the other identifiers for Mr. Cottrell on the lease are accurate (phone number, address, type of phone). Again, there is no evidence of Mr. Cottrell's acknowledgment of the agreement.

The facts before this Court on this Motion are that ICS tried to collect money from Mr. Cottrell that he did not owe. In a scramble to avoid liability, ICS attempts to create a "Frankenstein's monster" contract, constructed of inadmissible documents, hearsay testimony, conjecture, and inappropriate credibility attacks.

### III. REQUEST TO STRIKE

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). "Authentication is

PLAINTIFF'S REPLY RE: PARTIAL MSJ - 3
2:21−cv−01167-JHC

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1  a 'condition precedent to admissibility,' and this condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what the proponent claims.'" *Id.* "In a summary judgment motion, documents authenticated through personal knowledge must be 'attached to an affidavit that meets the requirements of [Fed. R. Civ. P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Id.* at 773-774. A proper foundation can rest on any manner permitted by FRE 901(b) or FRE 902. *Id.* at 774. Ms. Dove does not lay such foundation.

Ms. Dove provides no testimony that would support that the documents she attaches to her declaration are authentic, other than to demonstrate the fact *that* Sprint sent documents. This is somewhat concerning since Sprint was bought by T-Mobile in 2020, no longer operates under that moniker,[2] no explanation for this is provided by Ms. Dove, and there is no explanation of how any such records were kept, retained, and transmitted. Moreover, Ms. Dove testifies about what is supposedly contained within the documents, but it is unclear how she could possibly be qualified to interpret the nine pages of notes that allegedly came from Sprint (and as the proponent of such evidence, it is incumbent on ICS to provide this background information). *See Dove Declaration* at ¶ 10 and Exhibit F. Ms. Dove provides no explanation for how she is able to interpret another company's internal notes, nor does she explain how she knows what actions Mr. Cottrell took, such as "Mr. Cottrell had made payments on his account." *Id.* These are not immaterial or hyper technical concerns; a party may not simply attach someone else's documents, discuss and interpret the documents, and offer what amounts to legal conclusions based on a third party's documents. These presumptions, and testimony about what a document allegedly says, are not evidence and should be stricken.

---

[2] A visit to sprint.com automatically redirects to tmobile.com.

PLAINTIFF'S REPLY RE: PARTIAL MSJ - 4
2:21−cv−01167-JHC

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

Additionally, the exhibits provided by ICS are hearsay, and cannot be admitted through the testimony of Ms. Dove (FRE 902(11) allows self-authentication of documents if they meet the requirements of FRE 803(6)). There is, of course, a business records exception to hearsay, but Ms. Dove fails to meet the foundational requirements. The foundational requirements are:

(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
(C) making the record was a regular practice of that activity;
(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or with a statute permitting certification; and
(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Here, there is absolutely no testimony whatsoever from Ms. Dove that would meet a single one of the foundational requirements. Again, this is not a technicality – if ICS wants to rely on the contents of documents created by a third party, it must do what is required to demonstrate that its witness is capable of testifying to certain information and that this testimony is reliable. Therefore, she is not qualified to lay the foundation for admissibility of the hearsay documents, nor is she qualified to authenticate the documents.

Finally, as admitted by Defendant in its response brief, the documents comprising "Exhibit F" to Ms. Dove's declaration were not provided in discovery. Response at 8 ("[r]esponding to requests for production, ICS produced the Flex lease and Sprint Invoice").[3] Because Exhibit F is unauthenticated and inadmissible hearsay that does not qualify for an exception to hearsay, and

---

[3] The undersigned attests that Exhibit F to the Declaration of Michelle Dove is the first time that the heavily redacted June-July 2018 statement, and the Excel spreadsheet were disclosed. No supplementation has been provided in the 12 months since Plaintiff received Defendant's responses to requests for production.

PLAINTIFF'S REPLY RE: PARTIAL MSJ - 5
2:21−CV−01167-JHC

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1  because ICS failed to provide the document in discovery when this case has been pending August

2  2021, Plaintiff respectfully requests that this Court strike Exhibit F.

3             IV.    LAW AND ARGUMENT

4       A.    **Mr. Cottrell Never Assented to a Debt**

5  A valid contract requires the parties to objectively manifest their mutual assent to all

6  material terms of the agreement. *P.E. Sys., LLC v. CPI Corp.,* 176 Wn.2d 198, 289 (2012);

7  *Yakima County (W.Valley) Fire Protection Dist. No. 12 v. City of Yakima,* 122 Wn.2d 371, 388–

8  89 (1993).  Mutual assent of the parties is to be determined from their outward manifestations.

9  *Saluteen–Maschersky v. Countrywide Funding Corp.,* 105 Wn. App. 846, 854 (2001) (citing *City

10  of Everett v. Estate of Sumstad,* 95 Wn.2d 853, 855 (1981)).  Mr. Cottrell did not assent to any

11  agreement with Sprint, and ICS does not have any evidence of an outward manifestations by Mr.

12  Cottrell.  Contrary to Defendant's arguments, *UNIFUND, CCR, LLC v. Elyse*, 195 Wn. App. 110

13  (2016) controls the outcome here.  Just as in *Elyse,* ICS has no admissible evidence that Mr.

14  Cottrell assented to any agreement by way of words, actions, or a signature.

15       *1. Notations Obliquely Referring to 'Payment' on a Random Spreadsheet are Not Evidence of Assent*

16

17  ICS first argues that its hearsay, unauthenticated, inadmissible Excel spreadsheet

18  (supposedly demonstrating payments on the account) constitutes "evidence" of

19  acknowledgement.  However, these payment entries are unconnected to anyone, including Mr.

20  Cottrell.  In fact, "the bare notation of supposed payments on the account statements … is not

21  sufficient" to show personal acknowledgement of a debt.  *Citibank S. Dakota N.A. v. Ryan*, 160

22  Wn. App. 286, 293 (2011).  ICS' "evidence" in this case is even less substantial because unlike

23

Plaintiff's Reply re: Partial MSJ - 6
2:21−cv−01167-JHC

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

the evidence of payment in *Ryan*, ICS does not have genuine account statements from its client, Sprint.[4]

Rather, ICS relies on an unauthenticated spreadsheet as evidence that Mr. Cottrell made a payment. Even if the spreadsheet were admissible, it does not demonstrate any action <u>taken by Dan Cottrell</u>. At best, it demonstrates that an unidentified person noted that another unidentified person made a payment on the account that belonged to yet another unidentified person. Even if the spreadsheet were admissible, it is not competent evidence that Mr. Cottrell is the person that made the payment, or that anyone made a payment at all. The only thing demonstrated by the spreadsheet is that someone wrote down that a payment was made. ICS argues that the spreadsheet shows that Mr. Cottrell paid with a credit card, but presents no evidence that the credit card belonged to Mr. Cottrell, or that Mr. Cottrell set up the payment.

In case it were not clear already, this is not an exercise in splitting hairs – Mr. Cottrell specifically testified that he did not owe money and did not agree with anyone to pay anything. In response, ICS may not volunteer a rudimentary spreadsheet, which could have been created for anyone for any purpose, and which also was never once disclosed in a year's worth of discovery. It would seem that if there were evidence that Mr. Cottrell owed money, a major national corporation would have ready access to that information and that a party in federal court would not be relying on a haphazard spreadsheet of unknown origin.

### 3. *"A" Signature is Not Dan Cottrell's Signature*

ICS argues that Mr. Cottrell owes money because "the Flex Lease bears **a** signature." Response at 10 (emphasis added). ICS cleverly avoids outright claiming that the signature belongs to Mr. Cottrell, as he already provided a sample of his signature (from official

---

[4] To be clear, ICS does provide some billing statements, but none of them contain evidence of a payment.

PLAINTIFF'S REPLY RE: PARTIAL MSJ - 7
2:21−cv−01167-JHC

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

documents) to this Court.[5]  Sub #9-1, Ex. D.  The Court can see for itself that the signatures do not match, and it is questionable whether the scribbled line on the Flex Lease is a signature at all.  But the crux is not the signature itself, but the totality of the circumstances.  The Flex Lease bears no personal identifiers for Mr. Cottrell.  The address listed, on Laurel Canyon Blvd in Studio City is one where Mr. Cottrell never lived.  *See Reply Declaration of Dan Cottrell* at ¶ 3.  It states that he had a phone that he never possessed, and ICS has no proof that such a phone was ever given to him.  Dkt. #9-1 at ¶ 10 and 15.  Notably, the document contains no social security number, birthdate, or any other expected piece of information on a cell phone contract.  The Flex Lease agreement has no tie to Mr. Cottrell other than his name.

### B.     There is No Such Thing as a "Reasonable Reliance" Defense

ICS claims, incorrectly, that it is entitled to create a new defense in that ICS "reasonably relied" on Sprint's assertion that Mr. Cottrell owed money.  Dkt. #51 at 7.  ICS argues its belief that it is "not required to audit its clients' claims" and, thus, somehow, it escapes liability.  *Id*. at 8.  This is a misstatement of the law.

First, the FDCPA "is a strict liability statute."  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011).  The single defense is the "bona fide error" defense, a "narrow exception to strict liability."  *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008).  There are no other defenses.  *See Urbina v. Nat'l Bus. Factors Inc.*, 979 F.3d 758, 763 (9th Cir. 2020) (discussing bona fide error defense).  ICS did not respond to Plaintiff's motion to dismiss its "bona fide error" defense, therefore, the only inquiry is whether ICS violated the FDCPA.

---

[5] The signature provided predates this lawsuit as it was given when obtaining his Washington driver's license in March 2021.

PLAINTIFF'S REPLY RE: PARTIAL MSJ - 8
2:21−CV−01167-JHC

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1  Instead, the entirety of ICS' argument arises from the discussion *about the bona fide error defense* in *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006). Dkt. #51 at 9-11.  In *Clark*, the Ninth Circuit explained the basic rule: when a debt collector proves the defense of "bona fide error," then the debt collector is not liable.  "[T]his narrow exception to strict liability under the FDCPA is an affirmative defense." *Id*. at 1177.[6]

To further its argument that it can assert a "reliance" defense which does not exist, ICS cites two inapposite district court decisions.  ICS irresponsibly asserts that in *Urbina v. Nat'l Bus. Factors Inc.*, 979 F.3d 758, 763 (9th Cir. 2020), the Ninth circuit stated that a debt collector is only responsible for discoverable errors.  Response at 13-14.  Again, the Ninth circuit was only speaking as to the bona fide error defense.  There is no case or authority that carves out a portion of the bona fide error defense and creates an entirely new defense as ICS claims.

ICS also cites two inapposite cases for its imagined defense to Plaintiff's strict liability claims.  First, ICS cites *Campbell v. Puget Sound Collections, Inc.*, 2022 WL 73867 (W.D. Wash. Jan. 7, 2022), where a plaintiff brought a borderline-sanctionable case, on an entirely different set of facts, and the court dismissed the case for failure to state a claim.  Setting aside the novel and unique fact pattern, the case is not binding authority and did not purport to rewrite Ninth Circuit precedent.  *Id*. at *4 ("The Court does not know exactly what to make of this case").  In short, that case is narrowly limited to its facts, and in any event, does not outweigh reported decisions of the Ninth Circuit.

ICS also cites *Moonflower v. Columbia Recovery Grp., LLC*, 2019 WL 461122 at *3

---

[6] A subsequent case, *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008), clarified the statements in *Clark*.  The Ninth Circuit clarified that, as to applying the bona fide error defense, "[w]hen we spoke in *Clark* of the nonliability of a debt collector who 'reasonably relies' on the reported debt, we were referring to a reliance on the basis of procedures maintained to avoid mistakes.  A debt collector is not entitled under the FDCPA to sit back and wait until a creditor makes a mistake and then institute procedures to prevent a recurrence." *Reichert*, 531 F.3d at 1007.

PLAINTIFF'S REPLY RE: PARTIAL MSJ - 9
2:21−cv−01167-JHC

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

(W.D. Wash. Feb. 6, 2019), where the plaintiff's exclusive claim was for a violation of § 1692e(8), a statutory subsection which "imparts a test of reasonableness." Thus, the court's "reasonableness" inquiry applies solely to claims invoking the specific statutory phrasing applicable to § 1692e(8),[7] and, as in *Campbell*, did not purport to rewrite the Ninth Circuit's precedent. The case is simply inapplicable and does not supersede Ninth Circuit authority.

### C. Attempting to Collect Amounts Not Owed is a Violation of the WCAA

ICS attempts to avoid liability under the WCAA through hyper technical wordplay, arguing that it did not attempt to collect more than the "principal" debt. Response. at 13-14. However, RCW 19.16.250(21) provides, in pertinent part, that a collection agency shall not "[c]ollect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs." The statute, therefore, provides an exhaustive list of what may be lawfully collected: (a) Principal amount of a claim, (b) allowable interest, (c) collection costs/handling fees authorized by statute, and (d) costs/fees of a lawsuit.

The WCAA permits collection of the "principal amount of a claim." Under the WCAA, "claim" means "any obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied." RCW 19.16.100(2). The term "claim" is phrased in terms of a debtor's "obligation" – accordingly, if a debtor does *not* have an "obligation" to pay, then by definition, such amount is not a "claim." Here, there was literally no principal to collect, as Mr. Cottrell owed nothing. Any amount of money which a debtor does *not* owe is not a

---

[7] To the extent that one of ICS' many violations could include § 1692e(8), ICS did know that it falsely reported credit information (that money was owed) because ICS was informed by Mr. Cottrell on multiple occasions via letter. ICS has not raised this argument because it spends its briefing claiming full exoneration from a non-existent defense.

PLAINTIFF'S REPLY RE: PARTIAL MSJ - 10
2:21−CV−01167-JHC

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

"claim," and does not comprise any portion of any "principal amount of a claim." Again, Mr. Cottrell owed zero dollars and ICS did not have a claim, despite communicating otherwise.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that his motion for partial summary judgment be granted.

Dated this 9th day of December, 2022.

**ANDERSON SANTIAGO, PLLC**

By: /s/ T. Tyler Santiago
Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorney for Plaintiff
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665
(206) 395-2719 (fax)

PLAINTIFF'S REPLY RE: PARTIAL MSJ - 11
2:21−cv−01167-JHC

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

## Certificate of Service

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrew Shafer
999 Third Avenue, Suite 2525
Seattle, WA 98104
206-382-2600
*Attorney for Defendant*

                                  /s/ T. Tyler Santiago
                                    T. Tyler Santiago