UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAN COTTRELL,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC.,<br><br>　　　　　　　Defendants. | CASE NO. 2:21 cv 1167<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment. Dkt. # 9. The Court has reviewed the materials submitted in support of, and in opposition to, the motion, as well as the balance of the case file. The Court heard oral argument on the motion earlier today. Being fully advised, the Court rules as follows:

The Court incorporates its oral rulings of this morning.

Plaintiff requests that the Court strike attachments to the Declaration of Michelle Dove in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. # 16). Dkt. 17. Plaintiff argues that these exhibits lack authentication and contain hearsay. Plaintiff bases his request on *Orr v. Bank of Am., NT & SA*, 285 F.3d 764,773 (9th Cir. 2002) (under Rule 56, exhibits submitted in opposition to motion for summary judgment inadmissible and not to be considered). But a 2010 amendment changed Rule 56 and superseded the *Orr* holding on which Plaintiff relies. The rule now requires courts to consider "material cited to . . . dispute a fact" that can "be presented in a form that would be admissible in evidence." Fed. R. Civ.

ORDER - 1
[2:21 cv 1167]

P. 56(c)(2); *see id.*, advisory comm. note to 2010 Amendments ("The burden is on to proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."); *see also Sagdai v. Travelers Home and Marine Ins. Co.*, No. 21-cv-00182, 2022 WL 166190, at *6 (W.D. Wash. November 3, 2022) (statements that appear to be hearsay still admissible at summary judgment stage because they could be presented in admissible form at trial); *Cruz v. Ferry Cnty.*, 2:20-CV-250, 2021 WL 4713427, at *1 (E.D. Wash. October 8, 2021) (at summary judgment stage, "[e]videntiary objections for authentication and hearsay may be overruled when the evidence could be presented in an admissible form at trial"). And defense counsel indicated at oral argument that, if necessary, defendant would call a witness from T-Mobile about the exhibits. Given the foregoing, the Court DENIES the motion to strike.[1]

Federal Rule of Civil Procedure 56(a) states, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it could affect the outcome of a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 242, 248 (1986). A factual dispute is "genuine" if a reasonable jury could disagree about whether the facts claimed by the moving party are true. *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983). If the moving party shows that there is no genuine issue of material fact, then the non-moving party must "come forward

---

[1] Defendant indicated at oral argument that, with respect to its bona fide error defense, it is not offering the documents at issue for the truth of the matter asserted in them. Based on the briefing, the Court agrees. Thus, this is another ground on which the Court overrules Plaintiff's hearsay objection.

ORDER - 2
[2:21 cv 1167]

with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). The moving party is entitled to a judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [their] case." *Celotex*, 477 U.S. at 323. Courts must "view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Viewing the Dove declaration and the exhibits attached thereto, and reasonable inferences therefrom, in the light most favorable to Defendant, the Court sees genuine issues of material fact precluding summary judgment. There are issues of fact as to whether Plaintiff owes the debt at issue; and there are issues of fact as to the bona fide error defense. It would be improper on this record for the Court to grant summary judgment for Plaintiff on his claims under the Fair Debt Collection Practices Act, the Washington Collection Agency Act, or the Washington Consumer Protection Act. Accordingly, the Court DENIES the motion for summary judgment.

DATED this 12th day of December, 2022.

John H. Chun
United States District Court Judge

ORDER - 3
[2:21 cv 1167]